IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC FARROW, | : | |
|        Plaintiff, | : | |
| | : | Civil Action |
|    v. | : | No. 20-5792 |
| | : | |
| ERIK PROSS, et al., | : | |
|        Defendants. | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the Defendants' Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that the claims against Defendants are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ERIC FARROW,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 20-5792 |
| : | |
| **ERIK PROSS, et al.,** : | |
| Defendants. : | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants Police Officers Erik Pross, Robert Killman, Michael Boyes, Steven Hunter, John Seigafuse and Thomas Schaffling, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, the Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court dismiss the claims asserted against them with prejudice.

Date: May 14, 2021                              Respectfully submitted,

/s/ Jenna L. Jankowski
Jenna L. Jankowski
Assistant City Solicitor
Pa. Attorney ID No. 326752
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
jenna.jankowski@phila.gov

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ERIC FARROW,** | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : No. 20-5792 |
| | : |
| **ERIK PROSS, et al.,** | : |
| **Defendants.** | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Plaintiff Eric Farrow seeks to sue the Defendants for malicious prosecution, false arrest/false imprisonment and failure to intervene even though his claims against Police Officers Erik Pross, Robert Killman, Michael Boyes, Steven Hunter, John Seigafuse and Thomas Schaffling ("Added Defendants") are barred by the statute of limitations. And even if they were not, Plaintiff never attempted to serve – let alone effectuated service of – any individual Defendant until long after the statutorily prescribed period for doing so had expired. Plaintiff has failed to plead adequate *facts* to support his allegations. Accordingly, the Court should dismiss Plaintiff's Second Amended Complaint in its entirety.

**I.   BACKGROUND**

In his Second Amended Complaint, Plaintiff alleges that on November 19, 2018, he was arrested by the Added Defendants in relation to a narcotics investigation. *See* Second Amended

3

Compl. *See* Docket No. 16 at ¶ 13.  Plaintiff claims that on February 11, 2019, all charges were dismissed in Philadelphia Municipal Court. *Id.* at ¶ 15.  Plaintiff provided the docket number for this criminal proceeding which, when searched, does not garner any results.[1] Plaintiff has failed to provide any other *facts* about his alleged arrest, in particular the role that each of the Added Defendants played in his arrest.

## II.    PROCEDURAL HISTORY

Plaintiff filed a complaint on November 18, 2020, wherein he named the City of Philadelphia (the "City") and John/Jane Doe Police Officers 1-15. *See* Docket No. 1. Plaintiff filed an Amended Complaint on January 7, 2021, which dropped the claim against the City and named only the John/Jane Doe Police Officers 1-14. *See* Docket No. 6. On March 22, 2021, this Court Ordered that the Plaintiff file a proof of service or waiver with the Court before March 29, 2021. *See* Docket No. 7. On March 29, 2021, Plaintiff's counsel filed a purported Proof of Service on "John Doe Philly PD Officer" in this matter in which he averred that he personally served undersigned counsel with a summons. *See* Docket No. 8. In reality, however, neither undersigned counsel nor anyone else within the City accepted service on behalf of a "John Doe Philly PD Officer" as it is the City of Philadelphia's practice to not accept service on behalf of John Doe parties.

---

[1] A review of the Unified Judicial System of Pennsylvania Web Portal of the docket number does not garner any results. As Plaintiff has brought a claim for malicious prosecution, it is likely those dockets have been expunged from public record.

This Court then entered an Order on March 30, 2021, requiring Plaintiff to supplement his Affidavit of Service with proof that the City accepted service on behalf of John Doe Officers by April 2, 2021. *See* Docket No. 10. Twelve days after that deadline, on April 14, 2021, Plaintiff's counsel filed a Request for Extension of Time to file an Amended Complaint to replace John/Jane Doe Police Officers in this matter. *See* Docket No. 11. Plaintiff's request was granted and on April 27, 2021, Plaintiff filed a Second Amended Complaint against the Added Defendants and a summons was issued.[2] *See* Docket No. 16. Plaintiff has never supplied the Court-ordered proof of service, nor could he because there is none.

As will be argued more fully below, Plaintiff's Second Amended Complaint is barred by the applicable statute of limitations. Furthermore, Plaintiff has failed to plead the Added Defendants' personal involvement in causing his harms.

### III.   ARGUMENT

#### A. The Court Should Dismiss this Lawsuit as the Statute of Limitations Has Run on All Plaintiff's Claims

##### 1.   Most of Plaintiff's Claims were Time-Barred When He Filed this Lawsuit

The Court should grant the motion and dismiss[3] this case against all Added Defendants because the statute of limitations bars Plaintiff from suing them. The "statute of limitations for a

---

[2] At the time of filing of this motion, the Added Defendants have not been served with a copy of the Second Amended Complaint.

[3] A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted). Finally, courts may

§ 1983 claim arising in Pennsylvania is two years." *See McCreary v. Redevelopment Auth.*, 427 F. App'x 211, 214 (3d Cir. 2011). The statute of limitations begins to run when the plaintiff's cause of action accrues. *Romero v. The Allstate Corp.*, 404 F.3d 212, 221 (3d Cir.2005). Further, under the federal "discovery rule," a federal claim accrues when the plaintiff discovers or should have discovered the injury that forms the basis for the claim. *Id.* at 222. In the § 1983 context, that date is typically the date of the plaintiff's arrest. *See, e.g., Hamidian v. Occulto*, 854 F. Supp. 350, 353 (M.D. Pa. 1994); *Strange v. Freeman*, No. 11-7911, 2012 WL 707019, at *3 (E.D. Pa. Mar. 6, 2012). In the malicious prosecution context, the date is the date of the dismissal of charges against the plaintiff. A claim for malicious prosecution, however, "accrues on the date that the proceedings terminated favorably for the accused." *Hiscock v. City of Philadelphia*, 2013 WL 686350, at *3 (E.D. Pa. Feb. 26, 2013) (citing *Thomas–Warner v. City of Phila.,* No. 11–5854, 2011 WL 6371898, at *6 (E.D.Pa. Dec.20, 2011)). In *Hiscock*, the court weighed the futility of amendment to plaintiff's complaint after the expiration of the statute of limitations. *Id.* (rejecting the same argument presented here in directly analogous circumstances).

Here, Plaintiff was arrested, and thus became aware of his injuries, on November 19, 2018. *See* Second Amended Cmplt. at ¶¶ 13-15. Thus, Plaintiff's claims against Added Defendants for

---

grant a motion to dismiss based on the statute of limitations. *See Greer v. Diguglielmo*, 348 F. App'x 702, 703 (3d Cir. 2009).

false arrest, false imprisonment, and failure to intervene began to run during that time period and expired on November 19, 2020.

Notably, Plaintiff's malicious prosecution claim is also time-barred because Plaintiff never sued the Added Defendants until April 27, 2021, well over two years after the February 11, 2019 dismissal of charges against him.[4]

    2.    <u>Plaintiff's Lawsuit Must Also be Dismissed because Plaintiff Never Named or Served the Added Defendants until Well After the Period for Doing so Had Expired</u>

Federal Rule of Civil Procedure 4(m) requires that absent good cause, a defendant be served with process within ninety (90) days after the complaint in that case is filed. Fed. R. Civ. P. 4(m). In the event a defendant is *not* served with process during that statutorily prescribed time period and plaintiff shows no good cause for their failure to do so, the court "*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id* (emphasis added).

Here, when Plaintiff initiated this action on November 18, 2020, he did not name or serve the Added Defendants. *See* Docket No. 1. In fact, Plaintiff failed to even *name* the Added Defendants until April 27, 2021, one-hundred and sixty (160) days after the statute ran on the false arrest/false imprisonment and failure to intervene claims, and seventy-five (75) days after the statute of limitations ran on his malicious prosecution claim. And at the time of this filing, Plaintiff still has not served the Added Defendants with process for this lawsuit at any time. Rule 4(m)

---

[4] Defendants note that as of the date Plaintiff filed his initial complaint, the statute of limitations had not run on any malicious prosecution claim. Crucially, however, Plaintiff only named the City as a viable party in that complaint.

7

requires that a defendant be served within ninety (90) days after the Complaint is filed absent good cause. This was not done, and there is no good cause.

If the statute of limitations has run, a plaintiff cannot "change the party or the naming of the party" being sued unless he satisfies the conditions specified by Federal Rule of Civil Procedure 15(c)(1)(C). *See* Fed. R. Civ. P. 15(c)(1)(C); *Hiscock* at 6 (*citing Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003)). This means that the "parties to be brought in by amendment must have received notice of the institution of the action within [90] days[5] following the filing of the action." *See id*. at 220. Absent evidence that the party to be brought in by amendment had actual notice of the lawsuit, a plaintiff must rely on the either the "shared attorney" method or the "identity of interest" method to add a new party to his lawsuit. *See id*. at 222-23. If a party seeks to replace the name John Doe with a party's real name, it amounts to the changing of a party or the naming of a party under Rule 15(c) and the amended complaint will relate back only if the "three conditions specified in that rule are satisfied". *Garvin* at 220.

A Plaintiff seeking to rely on the "shared attorney method" must show that "notice of the institution of [an] action can be imputed to [a newly named defendant] . . . by virtue of representation [that the newly named defendant] shared with a defendant originally named in the lawsuit." *See Singletary v. Pa. Dep't of Corrs.*, 266 F.3d 186, 196 (3d Cir. 2001). In order to make this showing, a plaintiff must plead facts which plausibly suggest that there was "some communication or relationship" between the attorney for an originally named party and the party to be added to a lawsuit. *See Gavin*, 354 F.3d at 225. Moreover, a plaintiff must adequately allege

---

[5] Rule 15(c)(1)(C) incorporates the above-referenced time period in Rule 4(m).

that this communication or relationship developed within 90 days of the filing of the lawsuit. *See id.*[6] If a plaintiff fails to plead facts which plausibly suggest a "shared representation or communication" between a newly named party and an attorney for the originally named party, then a court should not permit the newly named party to be sued. *See id.*

Here, Plaintiff has failed to plead facts in his Second Amended Complaint which plausibly suggest that the moving Defendants and the undersigned counsel have communicated about this case, and he certainly has not pled facts which suggest that such communication occurred prior to the statute of limitations running on all Defendants. Therefore, Plaintiff cannot rely on the "shared attorney method," and the statute of limitations bars him from suing the Added Defendants.

If Plaintiff seeks to utilize the "identity of interest method", his claims would likewise fail. Parties share an identity of interest when they "are so closely related in their business operations or other activities that the institution of the action against one serves to provide notice of the litigation to the other." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 197 (3d Cir. 2001). Under the identity of interest method, notice may be imputed if "the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of pending litigation." *Garvin* at 227.

No such shared "identity" exists between the originally named defendant in this action and the Added Defendants in the instant case, and Plaintiff has not demonstrated any such identity of

---

[6] Although *Garvin* refers to a 120-day requirement rather than a 90-day requirement, Rule 15(c) requires that a newly named party receive notice of a lawsuit "within the period provided by Rule 4(m) for serving the summons and complaint," and this period was recently changed from 120 days to 90 days. Since Plaintiff initiated this action in November of 2020, *see* Docket No. 1, he would have to plead facts, which plausibly suggest that the undersigned counsel and the Added Defendants communicated about this case prior to the end of February 2021.

9

interest in his Second Amended Complaint. See *Brown v. McElwee*, 2012 WL 5948026, at *6 (E.D.Pa. Nov. 7, 2013) (declining to impute notice even though a police officer originally named in the complaint and not dismissed in the proposed amended complaint shared an office with a police officer proposed as a defendant). Although the original Defendant, the City of Philadelphia, and the Added Defendants are related in their business, Plaintiff failed to provide *any* facts whatsoever that would have informed the City that the Added Defendants were the officers who allegedly caused Plaintiff's harms. Plaintiff failed to provide the location, time, names or any other identify factors to relate Plaintiff's arrest to the Added Defendants.[7] Further, Plaintiff did not even alert the City that he *sought* to identify the John Doe officers until February 23, 2021, well after the statute of limitations had run on each of Plaintiff's claims.[8] Plaintiff also admits that he learned the identities of the Added Defendants on March 24, 2021 yet failed to file the Second Amended Complaint until April 27, 2021, each of those dates also being past the statute of limitations. *See* Docket No. 14.

Accordingly, because Plaintiff failed serve any Added Defendant with process within the mandatory period for doing so and can assert no good faith basis for failing to do so, and because

---

[7] Plaintiff's counsel filed an identically factually barren complaint on November 19, 2020 naming John/Jane Doe Police Officers, *Tondreau v. City of Philadelphia, et al.*, Civ. No. 20-05813.

[8] Plaintiff requested "discovery/rule 26 disclosures" in an e-mail dated February 23, 2021. Rule 26(a)(1)(C) requires that a party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. To date, no Rule 26(f) conference has occurred in this matter.

the statute of limitations on all of Plaintiff's claims has now long since passed, this lawsuit must be dismissed with prejudice in its entirety.

### B. Plaintiff's Claims Against Defendants Must be Dismissed Because none of these Individuals Were Actually Involved in the Events Giving Rise to this Lawsuit.

Even assuming, *arguendo*, that this lawsuit is permitted to proceed, the Court should dismiss all claims as to Defendants because despite making generic and conclusory averments as to their involvement in causing Plaintiff's harms, Plaintiff fails to set forth any *facts* actually connecting these defendants with the alleged incident. A plaintiff cannot sustain a § 1983 claim without averring the existence of each defendant's personal involvement in the actions giving rise to the complaint. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). This rule requires a complaint to include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." *See id.* Therefore, a plaintiff cannot survive a motion to dismiss by merely making conclusory allegations of personal involvement. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (holding that an allegation that supervisors "told [police officers] to do what they did" was conclusory and failed to state a claim).

The Plaintiff generally attributes his alleged malicious prosecution, false arrest/false imprisonment and failure to intervene to all Added Defendants but Plaintiff fails to state how each individual Defendant led to his arrest. Plaintiff does not plead a single *fact* as to the actual involvement of *any* of the Added Defendants. Indeed, Plaintiff generically lumps these individuals together in an attempt to blame all of them for his alleged harms, but pleads no facts as to any of their whereabouts during the incident, their actions or which paperwork they allegedly completed,

11

which proceedings the Defendants initiated or any other fact which could reasonably put them on notice of the specifics of his allegations against them.  *See* Cmplt. at ¶¶ 18-24.  Such generalized allegations are specific to no defendant and thus cannot state a claim against any defendant.  *See Agresta v. City of Philadelphia*, 694 F. Supp. 117, 120 (E.D. Pa. 1988) (dismissing claims against multiple defendants because plaintiff did not specifically allege which defendants had taken the actions complained of); *Banks v. Dictorate, Sci. & Tech. Ctr.*, No. 13-1712, 2014 WL 1278097, at *7 (W.D. Pa. Mar. 27, 2014) (noting that a "generic reference to 'Defendants'" is "insufficient" to state a claim for relief).  These Defendants should not be forced to defend themselves in court for allegations that are so demonstrably boilerplate.

### IV.     CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss the claims asserted against them with prejudice.

Date:  <u>May 14, 2021</u>                                                     Respectfully submitted,


<u>/s/ Jenna L. Jankowski</u>
Jenna L. Jankowski
Assistant City Solicitor
Pa. Attorney ID No. 326752
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
jenna.jankowski@phila.gov

12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC FARROW,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 20-5792** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |
| : | |

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Date: <u>May 14, 2021</u>　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　<u>/s/ Jenna L. Jankowski</u>
　　　　　　　　　　　　　　　　　　　　Jenna L. Jankowski
　　　　　　　　　　　　　　　　　　　　Assistant City Solicitor
　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 326752
　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　215-683-5443 (phone)
　　　　　　　　　　　　　　　　　　　　215-683-5397 (fax)
　　　　　　　　　　　　　　　　　　　　jenna.jankowski@phila.gov