IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC FARROW,<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF PHILADELPHIA, et al.,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 20-5792 |

**PAPPERT, J.**  July 1, 2021

## MEMORANDUM

Eric Farrow sued the City of Philadelphia and fifteen John/Jane Doe police officers on November 18, 2020. Since then, he has amended his complaint twice and now sues only Philadelphia Police Officers Erik Pross, Robert Killman, Michael Boyes, Steven Hunter, John Seigafuse and Thomas Schaffling. Defendants move to dismiss the Second Amended Complaint and Farrow seeks leave to file a Third Amended Complaint. For the following reasons, the Court grants Defendants' Motion and denies Farrow's.

I

Defendants arrested Farrow on November 19, 2018, during a narcotics investigation. (Sec. Am. Compl. ¶¶ 13, 14, ECF 16.) Farrow was detained from November 19 until February 11, 2019, when all charges against him were dismissed in Philadelphia Municipal Court. (*Id.* ¶¶ 15, 17.) He now sues each Defendant for false arrest, false imprisonment, failure to intervene and malicious prosecution under 42 U.S.C. §§ 1983, 1985 and 1988. *See* (*id.* ¶ 1).

1

Farrow filed his initial complaint on November 18, 2020, against the City of Philadelphia and John/Jane Doe police officers. (ECF 1.) On January 7, 2021, Farrow filed an Amended Complaint against only the John/Jane Does. (ECF 6.) After the Court ordered Farrow to show that he had properly served the unidentified officers, Farrow sought leave to file a Second Amended Complaint naming them. (ECF 10, 11.) Farrow filed his Second Amended Complaint on April 27, 2021. (ECF 15, 16.)

On May 14, 2021, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on two grounds. (Mot. to Dism. at 5, 11, ECF 17.) First, they argue the applicable statute of limitations bars each claim in Farrow's Second Amended Complaint. (*Id.* at 5.) Second, they contend that even if the claims were timely Farrow does not allege specific facts linking each Defendant to his claims. (*Id.* at 11.) Instead of responding to this Motion, Farrow seeks leave to file a Third Amended Complaint. (ECF 18.)

II

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not

2

been brought within the statute of limitations. If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citations and quotation marks omitted).

III

Defendants argue the applicable statute of limitations bars each of Farrow's claims. Specifically, they contend that the statute of limitations ran on Farrow's false arrest, false imprisonment and failure to intervene claims on November 19, 2020, more than five months before he filed his Second Amended Complaint. And they argue that the statute of limitations expired on Farrow's malicious prosecution claim on February 11, 2021, about two months before he filed the Second Amended Complaint. The Court agrees.

A

Farrow's claims are subject to a two-year statute of limitations. *See Pearson v. Sec'y Dept. of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015) (citing 42 Pa. Cons. Stat. Ann. § 5524). The false arrest, false imprisonment and failure to intervene claims accrued when Farrow was arrested on November 19, 2018. *See Wallace v. Kato*, 549 U.S. 384, 389–90 & n.3 (2007); *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam) (false arrest claim accrues on date of plaintiff's arrest and "false imprisonment [claim] accrues when a person is detained without legal process"). So Farrow had to file suit on those claims by November 19, 2020. Farrow's malicious prosecution claim accrued on February 11, 2019, the day the charges against him were dismissed. *See*

3

*Heck v. Humphrey*, 512 U.S. 477, 489 (1994). He thus had to sue on that claim no later than February 11, 2021.

"Naming [] a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant." *Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986). And "replacing the name John Doe with a real party's name amounts to the changing of a party or the naming of a party under Rule 15(c)." *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). Here, Farrow named the John Doe defendants for the first time in the Second Amended Complaint on April 27, 2021. That filing well exceeds the two-year limitation on each claim. Farrow's Second Amended Complaint can survive dismissal only if it relates back to the original complaint.

B

"Rule 15(c)[] provides for the 'relation back' of amended complaints that add or change parties if certain conditions are met, in which case the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint." *Singletary v. Pennsylvania Dep't of Corr.,* 266 F.3d 186, 189 (3d Cir. 2001). To establish relation back, Farrow must show that:

> (1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action.

*Garvin*, 354 F.3d at 222. Farrow satisfies the first prong, as his claims against the named officers "arose out of the conduct, transaction or occurrence set forth in the

4

original pleading." Fed. R. Civ. P. 15(c)(1)(B). But he cannot satisfy the second prong because he has not shown that, within 90 days of filing the original complaint, the newly named parties had received actual or constructive notice of it. Fed. R. Civ. P. 4(m), 15(c)(1)(C)(i).

C

Farrow does not show that any of the named Defendants had actual notice of the suit within the 90-day period after he filed the original complaint.[1] In the absence of actual notice, Farrow must show that Defendants had constructive notice. The Third Circuit recognizes two methods by which district courts can impute notice under Rule 15(c): the "shared attorney" method and the "identity of interest" method. *Garvin*, 354 F.3d at 222–23. The "shared attorney" method "is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action.'" *Id.* (quoting *Singletary*, 266 F.3d at 196). Similarly, "[i]dentity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 223 (quoting *Singletary*, 266 F.3d at 197) (internal quotation marks omitted). The Court addresses each method in turn.

"In analyzing notice under the shared attorney method, 'the fundamental issue [ ] is whether [an] attorney's later relationship with the newly named defendant gives rise to the inference that the attorney, within the [90] day period, had some

---

[1] In fact, although the individual Defendants have moved to dismiss Farrow's Second Amended Complaint, he still has not served them.

5

communication or relationship with, and thus gave notice of the action to, the newly named defendant.'" *Hiscock v. City of Philadelphia*, No. 12-cv-2204, 2013 WL 686350, at *4 (E.D. Pa. Feb. 26, 2013) (quoting *Singletary,* 266 F.3d at 196–97). Here, the City Solicitor's office defended the City against Farrow's original complaint and now represents the individual Defendants. But Farrow has not shown that the City's attorney "had any communication or relationship whatsoever" with the individual Defendants within the 90-day period after he filed the original complaint.[2] *Garvin*, 354 F.3d at 226; *see Hiscock*, 2013 WL 686350, at *4. Therefore, the Court cannot impute notice under the shared attorney method.

Nor can the Court impute notice under the identity of interest method. "[A]bsent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)[] purposes." *Singletary*, 266 F.3d at 200. Our Court and the Third Circuit, "applying the identity of interests method as enunciated in *Singletary*, [have] found that police officers are non-management employees who cannot be said to have imputed knowledge of a suit that was served only on the City of Philadelphia." *Huertas v. City of Philadelphia*, No. 02-cv-7955, 2003 WL 21250551, at *4 (E.D. Pa. May 5, 2003) (citing *Garvin*, 354 F.3d at 227 & *Lockwood v. City of Philadelphia*, 205 F.R.D. 448, 452–53 (E.D. Pa. 2002)). Farrow has provided no evidence that would lead to a

---

[2] Rule 15(c) addresses relation back to "the original pleading," not an amended pleading. Fed. R. Civ. P. 15(c)(1), (c)(1)(B). Even if the Rule allowed relation back to an amended pleading, Farrow's claims would still be untimely because he could not show that the named Defendants had notice of his claims within 90 days of his filing of the Amended Complaint.

6

contrary finding here. Accordingly, the Court cannot impute notice under the identity of interest method.

Because Farrow cannot show actual or constructive notice to the individual Defendants, the Court need not address the third relation back requirement or Defendants' alternative arguments for dismissal.

IV

Farrow's Second Amended Complaint, filed well after the statute of limitations expired on each claim, does not relate back to the filing of the original complaint. Because further amendment would be futile, the Court dismisses the Second Amended Complaint with prejudice and denies Farrow's Third Motion for Leave to File an Amended Complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

An appropriate order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.